UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| 100 CONSUMERS,  Petitioners,  v.  T-MOBILE USA, INC.,  Respondent. | )<br>)<br>)<br>)<br>)  Case No. 22-CV-<br>)<br>)<br>)<br>)<br>) |

**RESPONDENT'S NOTICE OF REMOVAL OF CIVIL ACTION**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Fed. R. Civ. P. 81, and Local Rule 81.1, T-Mobile USA, Inc. ("T-Mobile")[1] hereby files this Notice of Removal, to remove the civil action styled *100 Consumers v. T-Mobile* (the "State Court Action") from the Supreme Court, State of New York, County of New York, where it is currently pending, to the United States District Court for the Southern District of New York. In support of its Notice of Removal, T-Mobile respectfully shows the Court as follows:

1. On October 7, 2022, Petitioners initiated this action in the Supreme Court of the State of New York, County of New York, Index No. 653710/2022.

2. On or about October 14, 2022, T-Mobile's counsel agreed to accept service of the Civil Summons and the Verified Petition on T-Mobile's behalf.

3. Petitioners seek to compel T-Mobile to submit to arbitration and pay various arbitration-related fees and attorneys' fees and costs associated with their Petition.

---

[1] Petitioners erroneously identified "T-Mobile" as the Respondent. Based on the allegations in the Petition, T-Mobile assumes that the entity Petitioners intended to name was T-Mobile USA, Inc., which is the entity Petitioners named as the Respondent in their arbitration demands referenced in their Petition.

1

4. Removal to this Court is proper because this Court has jurisdiction over this action under 28 U.S.C. § 1332 (diversity jurisdiction), and all other requirements of 28 U.S.C. §§ 1441 and 1446 are satisfied.

## DIVERSITY JURISDICTION

5. This Court has subject-matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 because each Petitioner is of a diverse citizenship from T-Mobile.

6. On March 16, 2022, Petitioners filed uniform arbitration demands against T-Mobile with the American Arbitration Association. It is these arbitration demands that give rise to Petitioners' claims in this litigation.

7. A true and accurate copy of the 100 arbitration demands that were served on T-Mobile are attached as Exhibit B to the Declaration of Christopher Borchert ("Borchert Decl.").

8. In their demands, each Petitioner identified the address of their residence. According to Petitioners, they reside in either New York, New Jersey, North Carolina, Florida, or Pennsylvania. *See Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 53 (2d Cir. 2019) ("An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile . . . [in other words] the place where a person has his true and fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning.") (citation omitted); *Willis v. Westin Hotel Co.*, 651 F. Supp. 598, 601 (S.D.N.Y. 1986) ("An individual's residence at the time a lawsuit is commenced provides *prima facie* evidence of his domicile.").

9. T-Mobile is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Bellevue, Washington. It is therefore a citizen of Delaware and Washington.

10. Because each Petitioner is a citizen of a state other than Washington or Delaware, complete diversity as between each Petitioner and T-Mobile exists.

11. The amount in controversy is more than $75,000.00, exclusive of interest and costs.

12. The amount in controversy is determined by the amount of damages or the value of the object of the litigation. *See Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977).

13. In actions to compel arbitration, the test for determining the amount in controversy is "the possible award resulting from the desired arbitration…" *G.distributors, LLC v. Scanlon*, No. 18-cv-02101 (NSR), 2018 U.S. Dist. LEXIS 204266, at *10-11 (S.D.N.Y. Dec. 3, 2018) (quoting *Davenport v. Procter & Gamble Mfg. Co.*, 241 F.2d 511, 514 (2d Cir. 1957)). Courts consider "the underlying cause of action that would be arbitrated," and determine the amount in controversy by looking to "the difference between winning and losing the underlying arbitration." *Id.*

14. Where plaintiffs assert "multiple claims for relief against a single defendant, the court may aggregate those claims to determine the amount in controversy to the extent the damages sought do not overlap." *Remede Consulting Grp. v. Hamer*, 19 Civ. 3950 (NGG) (VMS), 2020 U.S. Dist. LEXIS 28111, at *6-7 (E.D.N.Y. Feb. 14, 2020); *Bos. Post Rd. Med. Imaging, P.C. v. Geico Gen. Ins. Co.*, 03 Civ. 7390 (JCF), 2004 U.S. Dist. LEXIS 16015, at *5 (S.D.N.Y. Aug. 11, 2004) (explaining that "the value of all" properly asserted claims by a single plaintiff "may be aggregated for the purpose of reaching the $ 75,000 threshold").

15. Here, Petitioners seek, among other things, to compel T-Mobile to "submit to AAA binding arbitration" and "to pay all AAA filing, administrator and arbitrator fees" as well as "attorneys' fees and costs associated with the within application." *See* Exhibit A to Borchert Decl.,

State Court Action Doc. 3, Attorney Affirmation in Support of Petition to Compel Arbitration.

16. With their arbitration demands, each Petitioner seeks $74,000 in damages plus all costs and attorneys' fees. *See* Exhibit B to Borchert Decl.

17. Under the AAA's multi-case filing rules, the AAA will assess at least the following fees for each one of the Petitioners' arbitrations: (a) $400 case filing fee; (b) $1,400 case management fee; (c) $2,500 arbitrator compensation fee; (d) $500 hearing fee. Petitioners appear to seek an in-person hearing in arbitration, meaning that the arbitrator compensation fee would be $2,500 and the hearing fee of $500 would be included. But even if they do not seek an in-person hearing, the arbitrator compensation fee for a documents-only arbitration is $1,500. A true and accurate copy of the AAA's Consumer Arbitration Costs of Arbitration are attached hereto as Exhibit C to the Borchert Decl. Accordingly, the arbitration fees for any individual Petitioner's arbitration are likely $4,800 but at least $ 3,300.

18. Thus, the value of the object of the litigation for each individual Petitioner includes at least the Petitioner's $74,000 demand as well as at least $3,300 in arbitration fees, which together exceeds the $75,000 threshold.

19. Accordingly, this Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1332.

### ALL OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED

20. As set forth below, T-Mobile has also satisfied all other requirements for removal to be proper. *See* 28 U.S.C. §§ 1441(a), 1446.

21. Venue is proper in this Court under 28 U.S.C. §§ 1441(a) and 90(a)(4) because the United States District Court for the Southern District of New York is the federal judicial district and division embracing the Supreme Court of the State of New York, County of New York.

22. T-Mobile has filed this Notice of Removal within thirty (30) days of October 14, 2022, the date that T-Mobile's counsel agreed to accept service of the Civil Summons and the Verified Petition on T-Mobile's behalf.  *See* 28 U.S.C. § 1446(b).

23. In accordance with 28 U.S.C. § 1446(a), T-Mobile attaches as Exhibit A to the Declaration of Christopher Borchert a copy of all process, pleadings, and orders served on T-Mobile in the State Court Action.

24. For these reasons, this Court has jurisdiction pursuant to 28 U.S.C. §1332 and removal under 28 U.S.C. §§ 1441 and 1446 is proper.

**WHEREFORE,** T-Mobile, by and through its counsel, and through the filing of this Notice of Removal, the giving of written notice thereof to Petitioners, and the filing of a copy of this Notice with the Clerk in the Supreme Court of the State of New York, County of New York, effects the removal of said civil action to this Honorable Court.

Dated: November 14, 2022                                                  Respectfully submitted,

*/s/ Christopher Borchert*
Christopher Borchert (NY Bar 5367545)
**ALSTON & BIRD LLP**
90 Park Avenue
New York, NY 10016
Phone: (212) 210-9400
Fax: 212-210-9444
Christopher.borchert@alston.com

*Counsel for Respondent T-Mobile USA, Inc.*

## **CERTIFICATE OF SERVICE**

This is to certify that this day, November 14, 2022, I electronically filed the foregoing RESPONDENT'S NOTICE OF REMOVAL OF CIVIL ACTION using the CM/ECF system. A copy of the foregoing was also served via U.S. Mail upon the following counsel for Petitioners.

Marc J. Held
Held & Hines LLP
2004 Ralph Avenue
Brooklyn, New York 11234
Phone: (718) 531-9700
mheld@heldhines.com

*/s/ Christopher Borchert*
Christopher Borchert (NY Bar 5367545)
**ALSTON & BIRD LLP**
90 Park Avenue
New York, NY 10016
Phone: 212-210-9548
Fax: 212-210-9444
Christopher.borchert@alston.com

*Counsel for Respondent T-Mobile USA, Inc.*